STATE OF LOUISIANA

IN THE INTEREST OF

P.M.G., P.L.C.G. AND P.C.G.

NO. 22-C-447

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

September 29, 2022

Linda Wiseman
First Deputy Clerk

**IN RE** WENDY AND CHRISTOPHER CLOUATRE

**APPLYING FOR** SUPERVISORY WRIT FROM THE JEFFERSON PARISH JUVENILE COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE BARRON C. BURMASTER, DIVISION "C", NUMBER 17,1

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Hans J. Liljeberg

**WRIT GRANTED; JUDGMENT VACATED;
CASE REMANDED FOR JURISDICTIONAL HEARING**

On February 6, 2017, the Jefferson Parish Juvenile Court granted a petition to voluntarily transfer custody of two minor children of Alexis and John Gibson to Wendy Clouatre. Wendy is Alexis Gibson's mother. At the time, Wendy Clouatre lived in Marrero. On December 15, 2017, the Gibsons filed another Petition for Voluntary Transfer of Custody of a third child, their newborn daughter, to Wendy Clouatre, alleging they were unable to care for her. The Jefferson Parish Juvenile Court awarded legal custody to Wendy and Christopher Clouatre for a period of two years. On January 30, 2020, with the Gibsons' approval, the juvenile court extended legal custody of the three children to the Clouatres for another five years. Letters to the court requesting that custody be transferred were dated January 23, 2020, signed by Wendy and Christopher Clouatre and Alexis and John Gibson, notarized, and attached to the instant writ application, providing an address for all four adults in Leslie, Arkansas.

On November 4, 2020, the Gibsons wrote to the Jefferson Parish Juvenile Court again, asking that custody be returned to them. That letter stated: "My minor children are currently residing in the state of Arkansas while we the parents are residing in the state of Louisiana." On November 23, 2020, however, a Minute Entry indicates that "The mother contacted the court and wishes to rescind request to have the VT custody order revoked."

The writ application does not include information confirming when the Clouatres or the Gibsons moved to Arkansas, but pleadings attached to the application show that Alexis Gibson concedes that she and her parents moved to Arkansas.

On April 19, 2022, Wendy Clouatre filed a Petition for Ex Parte Temporary Order of Protection in the 5th Division Court in Searcy County, Arkansas, seeking protection from domestic abuse by John Gibson, the children's father. A certified copy of the Arkansas court's "Final Order of Protection" is attached to the writ application, indicating that the Order is effective for 10 years, until May 11, 2032. It protects the Gibsons' four minor children from their father, noting that the court found jurisdiction exists; the respondent, Mr. Gibson, was provided with proper notice and an opportunity to be heard, but he failed to appear; that the victims were in immediate and present danger of domestic abuse; and that Mr. Gibson presented a credible threat to the physical safety of the children, thereby prohibiting him from initiating contact with them and prohibiting him from going to their school. An amended Ex Parte Order of Protection was filed on June 24, 2022, which awarded temporary custody of the four minor children to Wendy Clouatre.

However, on June 14, 2022, a few days before the Arkansas court's amended Order of Protection was entered, Alexis Gibson contacted the Jefferson Parish Juvenile Court, again seeking to rescind the Voluntary Transfer of Custody.

A custody hearing was scheduled for August 22, 2022 in the Jefferson Parish Juvenile Court.

The Clouatres filed an exception of lack of jurisdiction, arguing that the Jefferson Parish Juvenile Court no longer had jurisdiction to consider a request related to a change in custody in light of the Arkansas court's Order of Protection. The Jefferson Parish Juvenile Court denied the exception to jurisdiction at the August 22 hearing. In ruling from the bench, the court stated that it had jurisdiction because it was the court that initially ordered the custody transfer to the Clouatres. The Clouatres now seek review of that ruling in this Court.

*Discussion*

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), La. R.S. 13:1801, *et seq.*, governs jurisdictional issues between courts of different states when adjudicating custody matters. La. R.S. 13:1802 provides the following definitions relevant to the instant inquiry:

> (3) "Child custody determination" means a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual.
>
> (4) "Child custody proceeding" means a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. …
>
> ***
>
> (7)(a) "Home state" means the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.
>
> ***

(10) "Issuing state" means the state in which a child custody determination is made.

(11) "Modification" means a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination.

\*\*\*

(13) "Person acting as a parent" means a person, other than a parent, who: (a) Has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and (b) has been awarded legal custody by a court or claims a right to legal custody under the laws of this state.

(14) "Physical custody" means the physical care and supervision of a child.

While there is no question that the Jefferson Parish court had "initial child custody jurisdiction" pursuant to La. R.S. 13:1813, it is not at all clear, given the Arkansas court's May 11, 2022 Order of Protection and its June 24, 2022 amended Order of Protection, which awarded temporary custody to Wendy Clouatre, that the Jefferson Parish court retains jurisdiction to enter further custody orders in light of additional relevant portions of the UCCJEA. First, La. R.S. 13:1814 A provides, in pertinent part:

> Except as otherwise provided in R.S. 13:1816, a court of this state which has made a child custody determination consistent with R.S. 13:1813 or 1815 has exclusive, continuing jurisdiction over the determination **until**:
>
> (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(Emphasis added.)

Next, La. R.S. 13:1815 provides:

> [A] court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under R.S. 13:1813(A)(1) or (2) and:
>
> > (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under R.S. 13:1814 or that a court of this state would be a more convenient forum under R.S. 13:1819; or
> >
> > (2) A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

We find the provisions of the UCCJEA clearly control in these circumstances, and the juvenile court erred in failing to consider these provisions to determine whether it retains jurisdiction to rule on custody of the minor children. Indeed, the juvenile court acknowledged at the August 22, 2022 hearing that the minor children had been living in Arkansas "for some time." We further note that the juvenile court may communicate with the Searcy County, Arkansas court to make this determination, pursuant to La. R.S. 13:1810 A, which provides: "A court of this state may communicate with a court in another state concerning a proceeding arising under this Act."

For these reasons, we grant the writ, vacate the Jefferson Parish Juvenile Court's judgment denying the exception of lack of jurisdiction and remand to that court to conduct a full evidentiary hearing on the jurisdiction issue in accordance with the provisions of the UCCJEA.

Gretna, Louisiana, this 29th day of September, 2022.

**HJL**
**SMC**
**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/29/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-C-447**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

Juvenile Court (Clerk)
Hon. Barron C. Burmaster (DISTRICT JUDGE)
Roland A. Ditta (Respondent)                Cindy H. Williams (Relator)

### MAILED